# James C. Guyton *vs.* Thomas J. Flack.

Upon an appeal from two orders, one granting an injunction and the other appointing a receiver, the answer, though filed and appearing in the record, is not to be considered by this court.

Creditors have but a *quasi lien* upon the partnership effects, which as a derivative and subordinate right through the lien and equity of the partners may be enforced in equity.

Guyton *vs.* Flack.

Equity will not grant relief to a creditor of a deceased debtor against a party for improperly interfering with or retaining and using the assets of the deceased; his remedy is at law.

An allegation in a bill that the defendant claims to have been a partner of his deceased brother, whose widow denies it, and that complainant does not know whether the brothers were partners or not, is not a sufficient averment of a partnership.

APPEAL from the Circuit Court for Baltimore city.

The bill in this case, filed by the appellee against the appellant and Frances Guyton, the administratrix of William C. Guyton, deceased, alleges, that William C. Guyton, carrying on business under the firm of Wm. Guyton & Co., became indebted to the complainant. It then contains the allegation as to the partnership between the appellant and the said William C. Guyton, which is set out in the opinion of this court. It then alleges, that the appellant has possession of the books and assets of said Guyton & Co., and declares his intention to sell them, and is unable or unwilling to pay complainant's claim, and that he has reason to fear that the appellant is insolvent, and prays for a receiver and an injunction.

On this bill an order was passed, on the 7th of September 1854, by St. George W. Teackle, a solicitor of the court, directing the injunction to issue, with leave to defendant to move for dissolution at any time after filing his answer, and giving five days notice. The injunction was issued, and on the 8th of September, Frances Guyton appeared, and on the 11th, filed a consent to the appointment of a receiver, and on the same day the court (KREBS, J.,) passed an order appointing a receiver, and the defendant filed his answer, and appealed both from the order granting the injunction, and that appointing the receiver.

The cause was argued before LE GRAND, C. J., ECCLE-STON, TUCK and MASON, J.

*J. M. Harris* and *T. Yates Walsh* for the appellant, argued :

1st. That the solicitor who granted the injunction had no

authority to issue such an order. There is no power given to the judge of the circuit court to *delegate* the power to issue an injunction. That power is vested exclusively in the judge. The 4th article of the constitution disposes of the entire judicial power of the State, and says it shall reside in the judges and courts there specified. The 22nd section of this article, and the act of 1852, ch. 68, provide for all contingencies arising from the disqualification of the judges, and prescribe the governing rule in all cases, and the act of 1853, ch. 122, creating the circuit court for Baltimore city, contains nothing enlarging the powers of *its* judge. The act of 1852, ch. 173, gives the clerks of the several courts certain powers, but not that of issuing injunctions. But it is said, that the circuit court has the same power as was conferred *by law* upon the county courts as courts of equity, and the chancellor, and therefore it has this power. Now the powers conferred *by law* upon the chancellor and the equity courts, will be found in various acts of Assembly, none of which contain such a grant of power as this. The only *dictum* in which the practice has been recognised, is found in 1 *Bland,* 191, *Stewart vs. Barry,* where the chancellor does not claim it as a power conferred *by law,* but says that it is done in pursuance of *long established usage.*

2nd. That the only reservation of the order for the injunction, was the liberty to the defendants to move for a dissolution at any time after filing their answer, and giving five days' notice, and that, notwithstanding, before the time had arrived when defendants were called upon to answer, the order appointing a receiver was passed by Judge Krebs, which order was illegal and void. That there being no reservation in this order than that above stated, there was no right or authority in the judge of the circuit court to appoint a receiver under the bill.

3rd. That the alleged consent of the co-defendant, Frances Guyton, could give no basis for the appointment of a receiver, and that if it could do so, such alleged assent is utterly informal and void.

4th. That the allegations of the bill of the complainant did not justify the issue of an injunction, or the appointment of a receiver. There is no evidence of indebtedness filed with the bill. 1 *Md. Ch. Dec.*, 489, *Thompson vs. Diffenderfer*. The allegations as to the indebtedness and insolvency, are not special enough. 1 *Bland*, 213, *Hannah K. Chase's case.* 9 *G. & J.*, 474, *Amelung vs. Seekamp.* 1 *Md. Rep.*, 547, *White vs. Flannagan*. Again, if there is a sufficient allegation as to the partnership, and the appellant stands in the attitude of a partner, he is entitled to keep possession of the books, and wind up the business of the firm. 16 *Ves.*, 59, *Lloyd vs. Passingham.* 9 *Gill*, 476, *Speights vs. Peters.* 3 *Md. Rep.*, 112, *Furlong & Miller, vs. Edwards.* 4 *Md. Ch. Dec.*, 41, *Walker vs. House.*

5th. But creditors have no lien upon the partnership effects, except that which is derived through the partners, (2 *Md. Rep.*, 1, *Glenn vs. Gill.* 2 *Story's Eq.*, sec. 1243,) and there is in this bill no sufficient allegation of a partnership.

*T. Parkin Scott* for the appellee, argued :

1st. That the answer of the appellant is not to be considered by this court, because it was not filed until after the orders appealed from had been passed, and consequently was not considered by the court below. But even if it could be considered, it does not deny the allegations of the bill, upon which the orders appealed from were passed.

2nd. That the order granting the injunction was properly issued by the solicitor in the absence of the judge. This is the first time that any objection has ever been made to such a practice. The chancellor, in 1 *Bland*, 191, treats it as the invariable practice of his court. In the case of *Albert & Wife, vs. Winn & Ross*, 7 *Gill*, 446, so much litigated in the court below, and in this court, the injunction was granted by a solicitor, and no question was raised as to the propriety of the practice.

3rd. That whether or not there had been a partnership between the appellant and his deceased brother, the facts pre-

sented by the bill shows a proper case for the relief prayed for, and granted. 1 *Bland*, 213, *Hannah K. Chase's case. Ibid.*, 419, *Williamson vs. Wilson.* 6 *Gill*, 424, *Kerr vs. Potter.* 9 *Gill*, 476, *Speights vs. Peters.* 2 *Md. Rep.*, 15, 16, *Glenn vs. Gill.* 3 *Md. Rep.*, 99, 112, *Furlong & Miller, vs. Edwards.* 4 *Md. Ch. Dec.*, 46, 49, *Walker vs. House.*

ECCLESTON, J., delivered the opinion of this court.

This appeal is upon two orders, one granting an injunction and the other appointing a receiver. Although an answer has been filed and appears in the record, still it is not to be considered by us in deciding the questions arising on this appeal, but we are confined to the case as made by the bill. This principle was established in *Wagner & Marshall, vs. Cohen*, 6 *Gill*, 97. There the chancellor granted an injunction upon a petition; the answer was filed and the appeal was taken from the order granting the injunction. After an argument insisting it was the duty of the court to examine the answer, they refused to do so, holding that under the third section of the act of 1835, ch. 380, they could not look to the answer, in reviewing the order of the chancellor; and confined themselves to the petition in ascertaining whether the injunction had been properly granted.

The section of the act referred to relates only to injunctions, but the second section of chapter 346, passed the same year, makes provision in reference to the appointment of receivers as well as the granting of injunctions; and the two sections correspond with each other in providing for appeals and the filing of answers. The correspondence is so perfect that we consider the case of *Wagner & Marshall, vs. Cohen*, as fully settling the question in regard to the present answer. In that case the answer was filed after the injunction had been granted, and here it was filed after the order directing the injunction and subsequent to the appointment of the receiver.

The next inquiry is, does the bill state such a case as authorized the orders appealed from. To do that it must aver that a partnership existed between the brothers, William

and James Guyton. For if there was no such partnership, the complainant is not entitled to the relief sought by him.

Partners themselves have a lien upon partnership effects for the discharge of the debits of the firm, (where they have not parted with it,) which lien may be made available for the benefit of the creditors. But the equities of the creditors are to be worked out through the medium of the partners. The creditors have not a lien, but a *quasi lien* upon the partnership effects, which, as a derivative subordinate right, through the lien and equity of the partners, may be enforced in a court of equity. *Story on Partnership, secs.* 360 to 362, inclusive. In *Ex-parte Kendall,* 17 *Ves.,* 526, Lord Eldon said: "In all these cases of distribution of joint effects, it is by force of the equities of the partners among themselves that the creditors are paid, and not by force of their own claim upon the assets, for they have none." See also *Glenn vs. Gill,* 2 *Md. Rep.,* 15, 16.

If there was no partnership between William and James, and the assets of the estate of the former were held and used by the latter, he might have been sued as executor *de son tort* in a court of law by the complainant. James was likewise responsible in a court of law, to the administratrix of William, for improperly withholding from her the assets. We have been furnished with no case which shows that a court of equity will grant relief to a creditor of his deceased debtor, against a party, for improperly interfering with, or retaining and using, the assets of the debtor.

If the brothers were not partners the complainant had no right to an injunction, or to have a receiver appointed. And as we are to look to the bill only, if that does not aver a partnership it is the same as if none existed in fact.

The bill alleges that William Guyton was carrying on trade and commerce in the city of Baltimore, under the name and style of William Guyton & Co.; that he departed this life intestate on or about the 2nd day of September 1854; that since his death James C. Guyton, his brother, and who was employed in his store in his lifetime, claims to have been a

partner with William in the said commercial house of William Guyton & Co., but that Frances Guyton, widow of the deceased, and who has obtained letters of administration on his estate, denies the said partnership, and that the complainant does not know whether or not William and James were co-partners.

Thus it appears James asserts there was a partnership; the administratrix denies it; and the complainant neither asserts or denies it, but says he does not know whether there was or not. Surely it cannot be said there is an averment by the complainant of a partnership, when his statement is that he does not know whether there was one or not, and the assertion by one defendant of its existence is denied by the other.

Upon such a bill we think the injunction should not have been issued, or the receiver appointed. And the consent of the administratrix to the appointment of the receiver did not cure the defect of the bill, in not asserting the existence of the partnership.

These views relieve us from any necessity to decide the other questions presented in argument.

Both orders will be reversed, and the bill dismissed without prejudice, and without costs.

*Reversed and bill dismissed,*