## Case No. 8,111.

### LATHROP v. NELSON et al.

[4 Dill. 194.] [1]

Circuit Court, W. D. Missouri. 1877.

MORTGAGES—WHO ENTITLED TO RENTS AND PROFITS FOR THE PERIOD INTERVENING BETWEEN THE SALE AND THE CONFIRMATION OF THE SALE.

1. A mortgagee of real estate in Missouri, who becomes the purchaser thereof at a sale made by a trustee under a power of sale in the mortgage, in which sale the assignee in bankruptcy of the mortgagor joined, by order of the bankruptcy court, was *held*, under the circumstances, entitled, as against the assignee in bankruptcy, to the rents and profits of the estate sold, for the period intervening between the day of sale and the date of the confirmation of the sale by the bankruptcy court.

[Cited in Blackburn v. Selma R. Co., 3 Fed. 698.]

2. In general, the confirmation of a sale by the court relates back to the time of the sale, and entitles the purchaser to the intermediate rents and profits; but this rule may, of course, be changed by statute, and may, it seems, yield to countervailing equities arising out of special circumstances.

[In error to the district court of the United States for the Western district of Missouri.]

This case came up in the district court on a demurrer to the answer as not stating facts sufficient to constitute a defence. The demurrer was sustained by the district court, and the defendant [Gardiner] Lathrop, declining to plead further, final judgment was rendered against him, to reverse which he has prosecuted this writ of error. The defendant below is the assignee of an estate in bankruptcy, to which certain real property belonged, upon which plaintiffs [R. H. Nelson and others] held a deed of trust to secure a note of the bankrupts for $8,000. A sale of said real estate by the defendant, in conjunction with the trustee, under the deed of trust, was ordered—subject expressly to the approval of the district court. The sale was made on the 8th day of May, 1875, and the property struck off to the plaintiffs at the sum of $6,200. The sale was not confirmed by the court until the 28th day of February, 1876, when the assignee, defendant, was ordered to tender a deed and demand a credit of the purchase price upon the note. The deed was executed and delivered, and the credit of $6,200 made on the note held by plaintiffs, on the 29th day of February, 1876. The property did not sell for enough to pay the mortgage debt due to the plaintiffs below. The credit was so indorsed on the note as to stop interest from the date of the sale, on the 8th day of May, 1875, if the sale should be confirmed and the debtor should be entitled to have the credit made as of the day of sale. Between the 8th day of May, 1875, and the 29th day of February, 1876, the defendant had collected rents from the property to the amount of $962.55, being all the time in possession. The suit was brought to recover these rents. The answer set up the above facts as a defence, claiming the said rents as general assets, and offering to let plaintiffs come in as general creditors for the remainder of their debt.

G. Lathrop, for plaintiff in error.

Gage & Ladd, for defendants in error.

DILLON, Circuit Judge. The question presented is, which of the parties, under the circumstances, is entitled to the rents and profits of the estate for the period intervening between the date of the sale and the date of the confirmation? The order of sale was silent in this respect. The contest is between the mortgagees, who afterwards became purchasers of the mortgaged property for less than their debt, and the assignee in bankruptcy, representing the unsecured creditors of the bankrupt. It is not shown that the delay in the confirmation is attributable to the acts or conduct of the plaintiffs below.

It is true that no title passes until the sale is confirmed, Williamson v. Berry, 8 How. [49 U. S.] 546; In re O'Fallon [Case No. 10,-445]. But when the sale is confirmed, if there are no equitable circumstances, and no statute to change the general rule, the rights of the purchaser relate back to the date of the sale, so as to entitle him to the rents and profits for the intermediate period. Such is the settled doctrine of the English courts. The state of the decisions in England on this subject is well shown by the judgment of Lord Chancellor Sugden, in Vesey v. Elwood, 3 Dru. & War. 74. He attempts to reconcile what has been sometimes supposed to be a conflict in Lord Eldon's views, in Ex parte Minor, 11 Ves. 559, and in Anson v. Towgood, 1 Jac. & W. 637, and adds: "It appears to me that these cases are fairly distinguishable; and if not, that Ex parte Minor is not the case which ought to be followed." * * * "The court has great power over these contracts (sales by masters under decrees), and it might feel itself at liberty to throw a loss by fire, before the confirmation of the report, upon the sellers," as in Ex parte Minor. Such a power is not inconsistent with the doctrine that when the chancellor's power to open a sale is not exercised and the sale is confirmed, that the rights of the purchaser

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

relate back to the time of the bidding. Trefusis v. Lord Clinton, 2 Sim. 359.

Usually, the doctrine of relation back works justly and equitably. The bidder must be ready at all times to keep his bid good. Frequently he must pay the amount thereof at the time the bid is made, and when this is the case he loses, of course, the use of his money. The time of the confirmation is uncertain. If he loses interest or the advantageous use of his money, he should have the rents and profits as compensation. The application of this rule does not, in such cases, injure the owner, as it will enhance the price which purchaser can afford to pay. There may be cases where the application of the general rule above stated would be inequitable. In such an event, the rights of the parties in interest can be settled on some other basis.

The English doctrine on this subject seems to be supported by the weight of American authority,—Taylor v. Cooper, 10 Leigh, 317; Wagner v. Cohen, 6 Gil. [Md.] 102,—but the decisions are conflicting,—Armstrong v. McClure, 4 Heisk. [Tenn.] 80; In re Bledsoe [Case No. 1,533], affirmed by the circuit court, January, 1875.

Without intending to assert that there is any invariable rule on this subject which will apply in all cases, my judgment is that, under the facts here presented, and as between these parties, the doctrine of relation back is just in its operation, and the plaintiffs below are entitled, as against the assignee in bankruptcy, to the rents which accrued intermediate the sale and the confirmation.

This conclusion is not in conflict with any statute of the state of Missouri. On the contrary, the statutes of Missouri, prior to the act of May 15th, 1877, give no redemption from sales by a trustee under a power in the deed of trust. The trustee alone might have made the sale, and no confirmation by the bankruptcy court would have been necessary. In this event the purchaser would have been entitled to immediate possession. As the mortgaged estate was not worth the debt secured by the mortgage, the bankruptcy court, or the assignee, as it turned out, had no real concern in the matter; and their intervention should not have the effect to deprive the mortgagee of substantial rights given him by the mortgage and the laws of the state.

"The assignee in bankruptcy is not required," says the supreme court of the United States, "to take measures for the sale of mortgaged property unless its value is greater than the encumbrance. His duties relate chiefly to the unsecured creditors, and he need not trouble himself about encumbered property unless something may be realized out of it on their account, or unless it becomes necessary to do so in order to ascertain the rights of the secured creditor in the general estate. McHenry v. La Societe Francaise (October term, 1877) 95 U. S. 58.

The judgment below is affirmed.

NOTE. The following is an extract from the argument of Mr. Lathrop, for the plaintiff in error: "The plaintiffs below cannot claim as vendees from the 8th day of May, A. D. 1875, because the sale was not complete until confirmed, on the 28th day of February, A. D. 1876, by the court. The sale was made on the express condition of its being approved by the court, and the condition was not complied with until the 28th day of February, A. D. 1876. Until then, the sale was inchoate—a mere offer by the plaintiffs, accepted by the defendant, but requiring the acceptance of the court before making it complete. Two acts were necessary to make a valid sale—the act of defendant in striking off the property, and the act of the court in approving and confirming what the defendant had done. One was as essential as the other, and until the court had acted, there was no sale. The title did not pass until these formalities were complied with, and until the title passed the plaintiffs cannot claim as vendees. Ror. Jud. Sales, §§ 2, 6, 7, 13, 15, 124, 134; Williamson v. Berry, 8 How. [49 U. S.] 546; In re O'Fallon [Case No. 10,445]. The doctrine of relation cannot be invoked so as to make plaintiffs entitled to the rents from the 8th day of May, 1875. The defendant, having remained in possession and collected the rents, is entitled to hold them as general assets up to the day when the confirmation of the sale was had, the price paid by the plaintiffs, and the deed to the property executed and delivered." Armstrong v. McClure, 4 Heisk. (Tenn.) 80; vide In re Bledsoe [Case No. 1,533]; Pickens v. Reed, 1 Swan, 80.

The following is an extract from the argument of Messrs. Gage & Ladd, for the defendants in error: "The confirmation by the court and the conveyance related back to the time of the sale, and the purchasers became entitled to the rents and profits for the intervening period. Taylor v. Cooper, 10 Leigh, 318; Wagner v. Cohen, 6 Gill, 102, 103; Castleman v. Belt, 2 B. Mon. 158. Contra, Armstrong v. McClure, 4 Heisk. 80. In the first case (10 Leigh, 318), Tucker, J., states the law as follows: 'I have not the slightest doubt of the right of Cooper, the purchaser, to the rent in question. The principles of the court, according to the English practice, I take to be clearly these: * * * But, thirdly, when the sale is confirmed, that is where both contracting parties (the purchaser and the court) concur in ratifying the inchoate purchase, the confirmation relates back to the sale, and the purchaser is entitled to everything that he would have been entitled to if the confirmation and conveyance had been contemporaneous with the sale. Anson v. Towgood, 1 Jac. & W. 637. * * * The report having been confirmed, he must be considered complete owner from the date of the sale, and, of course, entitled to the rent becoming due after it.' In the second case cited (6 Gill, 102), it is said: 'Although this is the character of the imperfect right acquired by a purchaser at a sale of this kind, yet it gives to him an inchoate and equitable title which becomes complete by the ratification of the court. When this is accomplished, the ratification retroacts and he is regarded by relation as the owner from the period of the sale. He is, as such proprietor, entitled to the intermediate rents and profits of the estate.' To the same effect is the third case cited (2 B. Mon. 158). The case in 4 Heisk. 80, is in direct opposition to the above. The court seems to have considered the question as settled by a prior decision (1 Swan, 82). The latter case was a sale of school lands, and a statute provided that the title should remain in the state until payment of the purchase money, which was after confirmation. In that case there could be no possible room for the operation of the doctrine of relation. The Tennessee court, however, defends its own position and disapproves of the conclusion reached by other courts, and in this is opposed to all authority. This is the English doctrine, as held by Lord Eldon in Anson v. Towgood, 1 Jac. & W. 637; by Sir Wm. Grant in Fluyder v. Cocker, 12 Ves. 28; by

Lord Lyndhurst in Trefusis v. Lord Clinton, 2 Sim. 359; and most decisively by Sir Ed. Sugden in Vesey v. Elwood, 3 Dru. & War. 79. In this last case it is shown that the objections to the consistency and justice of the doctrine referred to in the Tennessee case, do not exist. The doctrine of relation as applied to confirmations of judicial sales is eminently just and wise. The bidder at the sale is bound to be ready with his money at all times. Confirmation may be made any day. It may also be delayed. If he knows that he is to have the rents as compensation for interest, he knows what he is buying; otherwise not. The security of the purchaser is also the advantage of the seller in the matter of price. It is an old rule, settled by the judgment of the wisest judges, and it ought not to be set aside in this case, where the purchasers, who are also the mortgagees, have already been deprived of a large amount of the rents of the mortgaged property for the benefit of the general creditors, to which rents the general creditors were in no manner entitled."