OLDENBURG and KELLY, Incorporated, *vs.* SAMUEL
W. REGESTER and DANIEL T. REGESTER,
Trustees.

*Sales in equity : interest on purchase money ; exceptions to ratifi-
cation ; unreleased mortgage.*

The purchaser at a trustees' sale is ordinarily liable for inter-
est from the time the sale is to be effective; but in dealing
with the question Courts are influenced by equitable consid-
erations.                                                      p. 395

The terms of sale of a lot of ground, under a deed of trust for
the benefit of creditors, provided that interest should be paid
on the balance of the purchase money, and allowance made
for taxes and ground rent, etc., accounting from the day of
sale; after the sale it was discovered that there was on
record an unreleased mortgage on the property; the pur-
chaser excepted to the sale on that ground and a creditor·
excepted on the ground of inadequacy of price; although the
purchaser made efforts to have the trustees explain the pres-
ence of the unreleased mortgage the trustees did not do so
for several months, after which the mortgage was properly
released; some further delay then occurred in having the
creditor's objections dismissed; *held that,* under the circum-
stances the purchaser should not be charged with interest
nor with taxes or ground rent from the day of sale to the
day of ratification.                                          p. 399

The fact that a purchaser at a trustee's sale discovers a mort-
gage on the property, not released of record, is ground for his
objections to the ratification.                               p.397

Purchasers at a trustee's sale can not be expected to show an
active interest in having exceptions to the sale dismissed,
when the discovery of an unreleased prior lien on the prop-
erty casts a doubt upon the title.                        pp. 397-393

*Decided June 13th, 1912.*

Appeal from the Circuit Court of Baltimore City (Bond, J.).

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner and Stockbridge, JJ.

*George Washington Williams* and *John H. Richardson*, for the appellants.

*George R. Gaither*, for the appellees.

Urner, J., delivered the opinion of the Court.

In March, 1910, the appellants purchased for the sum of $10,600.00 from the appellees, as trustees under a deed of trust for the benefit of the creditors of the grantor, a lot of ground in Baltimore upon which were the ruins of a business building which had been destroyed by fire. The sale was reported by the trustees to the Circuit Court for Baltimore City, whose jurisdiction in the premises had been previously invoked. The date fixed by order *nisi* for final ratification was May 8th, 1901. A deposit of $500.00 was made by the purchasers, and there appears to have been an agreement that they should pay interest on the balance of the purchase money from the day of sale and that the taxes and ground rent on the property should be adjusted as of that date. Before the time for the final ratification arrived an examination of the title was made by counsel for the purchasers, and it was found to be subject to a recorded mortgage for $15,-000.00. An exception to the sale was filed by the vendees on account of this encumbrance, and one of the creditors of the estate also excepted on the ground that the sale had been made for an inadequate price. The mortgage had been paid prior to the sale and a release had been executed and was ready to be recorded, but the appellants were not informed of these facts until sometime in July, 1910. Both the excep-

tions referred to were voluntarily dismissed, and the sale was ratified, in October, 1910, and the balance of the purchase money was paid early in the following month. At the time of the settlement the appellants objected to paying interest for the period of the delay in the ratification and claimed the right to deduct from the purchase price proportionate amounts of the taxes and ground rent for the same period. The trustees insisted upon a settlement in conformity with the original terms of sale, and the purchase money was accordingly paid in full with interest from May 8th, the right being reserved to the appellants to claim reimbursement for the disputed charges out of the fund when audited for distribution. A claim for that purpose was duly filed. Its items were $257.55 for interest, $218.65 for ground rent and $396.78 for taxes, covering the period in question. The claim was disallowed by the Auditor, and exceptions filed by the appellants to his report were overruled by the Circuit Court.

The only testimony upon the exceptions was that given by Mr. Oldenburg, one of the purchasers, and by Mr. Richardson, their counsel. It appears that after discovering the mortgage and excepting to the ratification of the sale for that reason, Mr. Richardson made repeated but unsuccessful efforts to obtain some further information on the subject. On July 5th he wrote counsel for the trustees that the purchasers "have had this money ready since the sale should have been ratified in the early part of May, 1910, and we do not propose to be held for any expense or interest that has accrued since that time. We are ready to settle this matter at any time you put the title in shape. I would thank you to give this matter your attention as we want to make some improvements in the building and we can do nothing as long as it is in present shape." Some days later Mr. Richardson was informed that the mortgage was satisfied; but there is nothing to show that it was released of record prior to the time of the ratification of the sale. Upon learning that the mortgage was paid the counsel for the pur-

chasers directed his attention to the creditors exceptions to which we have referred. The disposition of these exceptions was delayed by the absence of the president of the corporation in whose behalf they had been filed. They were dismissed on October 10th, 1910.

The testimony of Mr. Oldenburg shows that he was urging an early confirmation of the sale so that he might proceed to improve the property. He said: * * * "the whole place was in ruins and to do anything with it the property would have to be improved." The purchasers did not obtain possession until the sale had been ratified. It is evident that they were seriously prejudiced by the delay.

In view of the special circumstances which interfered with the ratification of the sale in due course and thus prevented the prompt beginning of the improvements which had to be made before any return could be realized from the investment, we think it equitable that the appellants should be reimbursed for the interest, taxes and ground rent in controversy. When the examination of the title disclosed the existence of an unreleased mortgage for $15,000.00 on property which had been bought for $10,600.00, it was apparent that if the lien were subsisting, the trustees could not protect the title with the proceeds of sale, and that unless the encumbrance were removed in some other way, the purchase would not be consummated. In such a situation the appellants would have been clearly entitled to have the sale rescinded. *Brillhart* v. *Mish,* 99 Md. 447. The objection of the vendees was, therefore, entirely reasonable, and until it was satisfactorily met, they could not safely incur any expense in preparing for the improvement of the property. The trustees might at any time have obviated this difficulty by causing the existing release of the mortgage to be recorded. If this had been done, the only remaining obstacle to the ratification of the sale would have been the exceptions of the creditor, and these might have been pressed to an early disposition. But the appellants could not be expected to manifest any active interest in having the exceptions dismissed so long as they

were left in doubt as to the title. Their uncertainty as to its real condition was not relieved, according to the undisputed evidence, until sometime in July, notwithstanding the efforts of their counsel to ascertain the facts; and when they finally obtained the information as to the payment of the mortgage the attempts which were then begun to secure a disposition of the other exceptions encountered delays which appear to have been unavoidable. The record does not indicate any action by the trustees, or the excepting creditor, to have the question of the confirmation of the sale brought to an early conclusion, but shows affirmatively and without contradiction that the appellants earnestly endeavored to accomplish that result so as to be in a position to begin the improvements upon which they were absolutely dependent for any return from their purchase.

The appellees rely upon the general rule as stated in *Wagner* v. *Cohen,* 6 Gill, 97; *Brown* v. *Wallace,* 2 Bl. 587; *Same Case,* 4 G. & J. 479; and *Latrobe* v. *Winans,* 89 Md. 655, that the purchaser is ordinarily liable for interest from the time the sale is to be effective. The cases cited were concerned with conditions altogether different from the present, and the rule invoked is not one of absolute and unvarying application. In a very recent case this Court has manifested its disposition to be governed by equitable considerations in dealing with such questions. *Leviness* v. *Consol. Gas. Co.,* 114 Md. 573.

In the case before us the equities require that the trust estate rather than the purchasers should bear the charges in dispute. The order will accordingly be reversed and the cause remanded to the end that the audit may be re-stated in accordance with this opinion.

> *Order reversed and cause remanded, the*
> *costs to be paid out of the estate.*