MARINE TRUST COMPANY, a banking corporation of the State of New Jersey, complainant,

*v.*

LEVI DAVID et al., defendants.

[Decided September 19th, 1932.]

*Messrs. Brenner & Kresch,* for the petitioner Lillie Kasten.

INGERSOLL, V. C.

The property described in the bill of complaint was sold by the sheriff to the present petitioner, Lillie Kasten, for the sum of $14,050, the highest bid received therefor. Payment was made by her of the ten per cent. of said bid, or the sum of $1,410, and conditions of sale were signed by her, agreeing to pay the balance of $12,640 upon delivery of the deed at a time fixed therein, subject to the confirmation of the court.

Objections were made to the sale and after a hearing thereon the sale was affirmed and an order made in which it was stated: "It is further ordered that the said sheriff do execute a good and sufficient conveyance in the law to the said purchaser, Lillie Kasten, or her assigns, for the said mortgaged premises so sold."

An appeal was taken to the court of errors and appeals upon said order and an order entered in this court restraining the sheriff from delivering said deed until the determination of said appeal. The said appeal has been heard and the order of confirmation affirmed.

The purchaser was, at the time fixed in the conditions of sale, and at all times since said date, has been prepared to make payment to the sheriff upon the delivery of the deed. The sheriff now declines to deliver the deed unless the petitioner shall pay to him interest upon the sum of $12,640 to the date of the delivery of the deed. The petitioner has not been in possession of the property nor has she received any of the fruits therefrom, and now prays for an order that the sheriff be directed to deliver said deed upon the payment to him of the amount of $12,640, without interest.

The general rule states that the foreclosure purchaser must complete his purchase at the time stipulated in the terms of sale and is liable for interest on any part of the purchase money unpaid from the time it was due under the terms of the sale, regardless of whether he has possession or not, provided nothing is done to keep him out of possession. *42 C. J. 209, 244.*

It will be noted that the petitioner is in no way responsible for the delay or for the order restraining the sheriff, and also that the amount of the bid, without interest, is sufficient to pay the complainant's claim, with interest to the present date, and leave a large surplus which would go to the defendants or those claiming under them should the premises have been in the custody of a receiver appointed by this court.

The equities of this case appear to be clear that the purchaser would not be compelled to bear the interest accruing by reason of the delay in the delivery of the deed by the sheriff, which delay was caused by an appeal taken by others than the purchaser, and she being without fault for such delay. *Oldenberg & Kelly* v. *Register (Court of Appeals of Maryland), 118 Md. 394; 85 Atl. Rep. 411.*

An order has heretofore been signed in accordance with these views.