165 N.J. Super. 93 (1978)
397 A.2d 717
THE LITTLE FALLS SAVINGS AND LOAN ASSOCIATION, A BODY CORPORATE OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
CHAS. O. HOLMBERG & SONS, INC., A CORPORATION OF THE STATE OF NEW JERSEY; FIRST NATIONAL BANK OF NEW JERSEY, A FEDERAL BANKING ASSOCIATION; UNITED STATES OF AMERICA; NORTHEASTERN WHOLESALE, A DIVISION OF THE MIDLAND PARK LUMBER AND SUPPLY CO., INC., ALSO KNOWN AS MIDLAND PARK LUMBER & SUPPLY, INC., A CORPORATION OF THE STATE OF NEW JERSEY; MacMILLAN BLOEDEL, INC., AN ALABAMA CORPORATION, ANTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY; BLANCHARD LUMBER COMPANY, ALSO KNOWN AS BLANCHARD LUMBER COMPANY, INC., A MASSACHUSETTS CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY; JAMCO PRODUCTS, INC., A CORPORATION OF THE STATE OF NEW JERSEY; EDWARD MONCAVAGE AND DIANE MONCAVAGE; CARTER LUMBER DISTRIBUTING CORP., A CORPORATION OF THE STATE OF NEW JERSEY; AND THE STATE OF NEW JERSEY; AND S. FEDERBUSH CO., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided December 20, 1978.
*94 Mr. Arnold M. Smith for plaintiff (Mr. C. Evan Daniels, attorney).
Mr. Herman Osofsky, Assistant County Counsel, for Sheriff of Passaic County.
Mr. Joseph A. Pojanowski, III, for defendant First National Bank of New Jersey.
Mr. John F. Segreto, for John L. Soldoveri, foreclosure purchaser.
*95 CIOLINO, J.S.C.
This action involves two notices of motion filed by John L. Soldoveri, purchaser at foreclosure, and plaintiff-first mortgagee Little Falls Savings and Loan Association. Each seeks an order of this court directing payment to it of $1512.67 retained by the Sheriff of Passaic County. While not parties to the litigation, both Soldoveri and the Sheriff have consented to submit to the Court's jurisdiction as indispensable parties. See Battle v. General Cellulose Co., 23 N.J. 538, 546 (1957); In re Estate of Arlinghaus, 158 N.J. Super. 139, 148 (App. Div. 1978).
The sole issue herein is whether a purchaser at a mortgage foreclosure sale should be required to pay interest on the purchase price for the ten-day period immediately following such sale.
The facts are undisputed. A complaint in foreclosure was filed on May 4, 1977, and final judgment against defendant Chas. O. Holmberg & Sons, Inc. was entered on February 10, 1978. Defendant's premises were subsequently sold by the sheriff on June 6, 1978.
Soldoveri was the successful bidder, having bid $276,000. At the time of sale he paid 10% of the purchase price and tendered the balance on June 26, 1978. On that date Soldoveri also paid to the sheriff interest covering the periods from the date of sale to June 16, 1978, and from that date to June 26, 1978. The former amount was paid under protest.
On receipt of said sums the sheriff tendered the deed. The Passaic County Register however, refused to record it since the deed was not accompanied by a realty transfer fee pursuant to N.J.S.A. 46:15-7.
The sheriff refused to pay such fee and Soldoveri re-tendered the deed, along with the fee, which he paid under protest. The register then recorded the deed, notified Soldoveri that it did not consider the sheriff's deed exempt from the realty transfer fee, and informed Soldoveri of his right to appeal said determination to the State Division of *96 Tax Appeals pursuant to Title 18 of the New Jersey Administrative Code.
Soldoveri argues that the sheriff had no authority to demand interest for the ten days immediately following the sale, and therefore the $546.67 paid under protest should be returned to him. Defendant-second mortgagee. First National Bank of New Jersey, contends that Soldoveri should be required to calculate and pay the amount of interest for the pertinent ten-day period only on the remaining unpaid 90% of the purchase price. Plaintiff argues that should it be found that no interest was payable for the pertinent ten-day period, then a sum equal to that amount should be paid to it from the monies held by the sheriff.
I find that no interest was payable for the ten-day period following the sale and order the sheriff to return the monies paid under protest to Soldoveri.
The bidder who is successful at a foreclosure sale is required to purchase the property, but his rights are for most purposes inchoate until the sale is confirmed or until ten days after the sale if no objections to the sale are filed. [30 N.J. Practice (Cunningham and Tischler, Law of Mortgages), § 358 at 295-296 (1975)]
This principle is embodied in R. 4:65-5, requiring a sheriff to deliver good and sufficient conveyance pursuant to a sale unless an objection is served on him within ten days following the sale, or at any time thereafter before delivery of conveyance. Moreover, it is clear that a mortgagor is entitled to redeem his property within ten days following its sale by the Sheriff. N.J.S.A. 2:65-9, saved from repeal by N.J.S.A. 2A:50-16; Hardyston Nat'l Bk. v. Tartamella, 56 N.J. 508, 513 (1970). The Sheriff is therefore forbidden from conveying title to land purchased at a foreclosure sale until at least ten days after such sale. Exacting interest on the purchase price during this ten day period is thus inequitable.
Marine Trust Co. v. David, 10 N.J. Misc. 1073, 162 A. 188 (Ch. 1932), involved similar issues for the court. There petitioner successfully bid at a sheriff's sale, and an appeal *97 was taken from the confirmation. Pending determination of that appeal the sheriff was restrained from conveying title. Ultimately, the sale was confirmed, but the sheriff refused to tender the deed until petitioner paid interest on the purchase price from the date of sale.
The vice-chancellor stated:
The general rule states that the foreclosure purchaser must complete his purchase at the time stipulated in the terms of sale and is liable for interest on any part of the purchase money unpaid from the time it was due under the terms of the sale, regardless of whether he has possession or not, provided nothing is done to keep him out of possession. 42 C.J. 209, 244. [at 1074]
The court also recognized that petitioner was at all times ready, willing and able to pay the balance to the sheriff and that the delay in delivery was due to no fault of petitioner. Under such circumstances the Court found the equities to favor petitioner and ordered the sheriff to convey title without payment of interest.
The rule of Marine Trust Co. v. David, supra, is again stated:
Although the conditions of sale generally provide that the purchaser shall pay interest from the date of sale, it has been held that interest may not be charged until the deed is ready for delivery; and if such delivery is delayed through no fault of the purchaser, he is not liable for interest. [30 N.J. Practice (Cunningham and Tischler, Law of Mortgages), § 358 at 297 (1975)]
As in Marine Trust Co. v. David, supra, the delivery of the deed in the present matter was delayed through no fault of the purchaser, Soldoveri. Here case law, statute and court rules forbade the sheriff from conveying title until at least ten days after the sale. Soldoveri was in no way responsible for that delay. Therefore, Soldoveri is not liable for interest on the purchase price of the subject premises until the deed was ready for delivery  that is, ten days after the sale.
For the aforementioned reasons the sheriff is ordered to release to Soldoveri, the sum of $546.67, representing the interest on the purchase price wrongly demanded and paid under protest for the period of June 6 to June 16, 1978.