|  |  |
|---|---|
| WILLIAM A. HOUSE | |
| vs. | SEPTEMBER TERM, 1853. |
| JOHN W. WALKER ET AL. | |

[OBJECTION TO CHANCERY SALE—INADEQUACY OF PRICE.]

MERE inadequacy of price in a chancery sale, unless so gross and inordinate as to furnish, *per se*, evidence of fraud or misconduct on the part of the trustee, is not sufficient cause for setting the sale aside or refusing its ratification.

[The facts in this case are fully stated in the Chancellor's opinion.]

THE CHANCELLOR:

In the year 1849, three decrees were passed for the sale of certain parcels of real and leasehold estate in the city of Baltimore, owned by the late Samuel House, or in which he was interested. The sales have been made, and reported by the trustees appointed for that purpose, and Samuel House, Jr., one of the parties interested, having excepted to their ratification, in which exceptions other of the parties having concurred, the question now presented and submitted without argument on either side is, whether these sales shall or shall not be ratified?

There is no pretence in any part of these proceedings that the sales were not regularly and fairly made in conformity with the decrees, or that there was any the slightest fraud or misconduct on the part of the trustees, or surprise upon the parties objecting to the sales, or that they were in any way misled as to the time and place of sale. The objection to the ratification of these sales rests upon the single allegation that the property sold for a sum below its value, and all the proof which has been taken has been directed to this point and none other.

Upon carefully reading this proof, I am by no means satisfied that any very material inadequacy of price has been shown. The evidence is undeniably contradictory, and there would be some difficulty in coming to a satisfactory conclusion upon the subject, if the duty of collating and weighing the testimony for the purpose of determining that point were forced upon the court.

But this is not necessary. It has been over and over decided in this State, that mere inadequacy of price in a Chancery sale, unless so gross and inordinate as to furnish evidence of fraud or misconduct on the part of the trustee, is not sufficient to induce the court to set it aside or refuse its ratification.

This principle was announced in the case of *Cohen* vs. *Wagner*, 6 *Gill*, 97, where property, assumed to be worth $20,000, sold for but $13,000. And in the case of *Johnson* vs. *Dorsey*, 7 *Gill*, 269, in which the previous authorities were carefully collected and examined, the principal was carried still further, the disproportion between the assumed value of the property and the price bid for it being greater.

In the case now under consideration, no possible construction of the evidence can establish that gross inadequacy of price which will, *per se*, furnish evidence of misconduct or fraud on the part of those who conducted the sales, and there is not only a total absence of proof of any such misconduct in the other circumstances attending them, but the testimony shows that the trustees discharged their duty fairly and faithfully in all respects.

The sales, therefore, will be ratified, the exceptions being overruled, and the Auditor is requested to examine the vouchers for expenses and taxes, and apportion them properly.