WILDER PIERCE, Appellant,

*vs.*

JAMES KNEELAND and EPHRAIM MARINER, Respondents.

### APPEAL FROM MILWAUKEE CIRCUIT COURT.

On an appeal from a judgment of foreclosure and sale of mortgaged premises, an undertaking under § 248 of the code to pay costs and damages, is not sufficient to stay proceedings.

Nor in such case is the undertaking sufficient to stay proceedings if it provides for payment of costs and damages, and any deficiency that may arise on such sale.

In order to stay proceedings on a judgment of foreclosure and sale of mortgaged premises, the undertaking must also provide, in such sum as the judge shall order, that during the possession of the premises by the appellant, he will not commit any waste, or suffer any waste thereon ; and that if the judgment be affirmed, he will pay the value of 'the use and occupation from the time of the appeal until the delivery of the possession of the property ; also, further condition for the payment of any deficiency arising upon the sale of such mortgaged premises.

As to the right of the appellant in this case to confirmation of the sale on the merits of the application.—SMITH, J.

This suit was brought in the circuit court for the county of Milwaukee, for the foreclosure of a mortgage, and judgment of foreclosure was regularly made on the 9th day of November, 1857. The premises were duly advertised by the sheriff under the judgment to be sold on the 2nd day of January, 1858 ; that at or about the day of sale, the respondents gave notice of an appeal from such judgment, but filed no undertaking that during the possession of the property by the appellants, they would not commit or suffer to be committed thereon any waste, and that if the judgment should be affirmed they would pay the value of the use and occupation of the property from

the time of the appeal until the delivery of possession thereof, as required by section 248 of the code, in order to stay further proceedings. The property was sold under the decree on the 2nd of January, 1858, to the appellant, and a regular deed was delivered by the sheriff to him. On the 9th of January, notice was given to the respondents that on the 16th a motion would be made for a confirmation of the sale. This motion was argued, and the court after holding the same under advisement, overruled the motion and refused to confirm the sale, on the ground that in order to stay proceedings on appeal in foreclosure cases, it was only necessary to give an undertaking, under section 248 of the code, for the payment of a deficiency arising upon the sale; from which order overruling the motion to confirm, the appellant appealed to this court.

The respondents had, previous to the sale given the appellants notice of appeal, and had filed an undertaking pursuant to section 244 of the code, to pay all costs and damages on the appeal, and to pay the deficiency arising on a sale of the premises, pursuance to section 248 of the code, with two sureties who justified in the usual manner.

On the argument in the court below, the defendants read the following affidavit, and the same was read and commented upon in this court:

" Ephraim Mariner being duly sworn, says that on the 2nd day of January, instant, in the forenoon, he served upon the attorneys for the plaintiffs in this cause, Brown & Ogden, a copy of an undertaking on appeal, and notice of appeal in this cause, theretofore filed with the clerk of this court, which undertaking provided that the appellants would pay all costs and damages which might be awarded against them on appeal, not exceeding the sum of two hundred and fifty dollars, agreeably to section 244 of the code, and that the defend ant, James Kneeland, should pay the amount of any d'

ciency which might arise from the sale of the mortgaged premises, and was executed by two sureties who had justified. That this deponent had previously filed said undertaking, with notice of such appeal, with the clerk of this court, and during the forenoon of the same day gave notice thereof to the sheriff of Milwaukee county.

That this deponent then believed, and now believes, that he had taken every step necessary in the law to procure a stay of proceedings in said cause, and supposing that said proceedings had thereupon been stayed did not attend at the time and place advertised for the sale of the mortgaged premises.

That the plaintiff's attorney disregarded the proceedings on appeal, and directed the sheriff to proceed with the sale as advertised, but did not give this deponent notice of his intention so to do in any manner whatever; but on the contrary, when this deponent served said plaintiff's attorneys with a copy of undertaking and notice of appeal, Mr. Brown, one of said attorneys, replied that deponent had put him to the trouble of making an extra journey to Madison to dismiss his appeal upon motion, which he should certainly do and get ten per cent. damages therefor.

That said premises were struck off, as this deponent is informed, to the plaintiff for the sum of one thousand dollars.

That said premises are of the value of about $25,000. That but for the belief of this deponent, that proceedings would have been stayed, founded upon the proceedings which had been taken and confirmed by the declaration of the plaintiff's attorneys, the said defendants would in some manner have arranged the matter so that the premises should not have been sold, or if sold, should have brought a fair price, or been bid in by the defendants, or by obtaining a stay of proceedings till the sufficiency of the proceedings on appeal could have been determined."

Subscribed and sworn, &c.

*Brown & Ogden,* for appellant.

The code provides that if the judgment appealed from direct the sale of real estate, execution of the same shall not be stayed unless a written undertaking be executed, that no waste shall be committed and for the payment of rent, &c. Code, § 248 ; 2 Whittaker's Practice, 180 ; *Story vs. Duffy,* 8 Howard, 488; *Harris vs. Benneld,* 3 Code Rep., 23 ; 2 Monell's Practice, 420 ; McCall's Forms, 337 ; 2 Code Rep., 3.

We believe the true practice in all cases where the party desires a stay of execution, is to procure from the court or a judge an order to that effect, according to the former practice of this court on writs of error, and also according to the provision of the Revised Statutes, which on that head is not directly repealed. Rev. Statutes, 559.

*E. Mariner,* for respondents.

The undertaking being to pay costs and the deficiency, was a stay of proceedings in a case of foreclosure. It provided for all the relief the appellant could get in case of the affirmance of the judgment. The object of a foreclosure is to enforce the collection of a debt. The mortgage is mere security for the debt; it gives the mortgagee no right to the rents and profits of the premises mortgaged.

The first part of § 248 has no reference to judgments of foreclosure and sale.

If the appellant had the undertaking he demands, he could take nothing by it. If the deficiency is paid after sale, the undertaking is cancelled. He could not recover the value of the use and occupation of the premises.

If the appellant intended to disregard the undertaking, he should have returned it and given notice of such intention. The affidavit of the defendant Mariner shows that the sale was a surprise upon the defendants. For that reason the cir-

cuit judge should not have confirmed a sale at a price so inadequate to the value of the premises.

*By the Court*, Cole, J.   We entertain no doubt but that, under section 248 of the code, in order to stay proceedings, on appeal from a judgment for the sale of mortgaged premises, and for the payment of the deficiency arising upon the sale, the appellant must give an undertaking in such sum as the judge of the court shall order, conditioned, or to the effect that during the possession of the mortgaged property by him, he will not commit or suffer any waste thereon ; and that if the judgment be affirmed he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of the possession of the property, and also further conditioned for the payment of any deficiency arising upon the sale of the mortgaged premises.    This is the construction which in our opinion must be given to the above quoted section of the code.

It is admitted that such an undertaking was not given by the respondents on the appeal taken by them, and therefore we think the execution of the judgment of foreclosure and sale was not stayed by the appeal, which they made.

It was decided by this court in the case of *Cushing et al. vs. Hungerford,* on an application for a writ of prohibition to restrain the circuit court of Rock county from proceeding to a hearing and final decree in that cause while an appeal was pending in this court from an interlocutory order of that court refusing to strike out or suppress certain testimony taken therein, that an appeal did not necessarily operate as a stay of proceedings in the action in the court below, except as to the matters appealed from.   As to the effect of an appeal in proceedings in chancery, see the following cases: *Messonier vs. Kaumer,* 3 J. Ch. R. 65 ; *Burke vs. Brown,* 15

Ves. Jr., 183; *Nillon vs. Nillon*, 16 id. 216; *Monkhouse vs.* *The Corporation of Bedford*, 17 id. 380; *May vs. Foy*, 18 id. 452. Before the adoption of the code an appeal from a decree of foreclosure and sale of mortgaged premises would probably necessarily operate as a stay, since the whole case would be removed to the appellate court. But the code changes the practice in this respect, providing as it does, in effect, that proceedings under such a decree or judgment shall not be stayed unless an undertaking is given as therein prescribed. It is said that it is entirely unreasonable and unnecessary for the appellant to give an undertaking conditioned otherwise than to pay any deficiency which might arise on the sale of the mortgaged premises as such an undertaking makes the mortgagee amply secure. This may be all very true; but still if the legislature has provided by law that a stay shall not take place in the proceedings unless a certain undertaking is given, it only remains for a party desiring to prevent the execution of a judgment, to take the necessary legal steps for that purpose. In the present case we were given to understand that the circuit court denied the motion to confirm the sale on the ground that in order to stay proceedings on appeal in foreclosure cases, it was only necessary to give an undertaking for the payment of the deficiency. In this the circuit court was in an error, and the order overruling the motion to confirm is reversed.

SMITH, J. While I am willing to admit that the undertaking in this case was insufficient to stay the proceedings, I am by no means willing that this case shall go back to the circuit court with even a *seeming* of approbation of the motion to confirm the sale. I do not intend to review, nor does the occasion justify me in a review of the cases upon this branch of the case. But here is a case where, on behalf of a mort-

gagee complaining against his mortgagors, a court of equity is asked, on account of the default of payment by the mortgagor, to take possession of such mortgaged property and sell it, on the most equitable terms, to satisfy the debt for which it was mortgaged.

By virtue of the high authority conferred on that court, it became the sovereign trustee of the parties, (sovereign, it is true, but not the less answerable to the claims of equity and good conscience,) and by well established rules was required to dispose of the property for the best advantage of all the parties interested therein.

From the time of the decree and order of sale, the court assumed the control of the property ; became the equitable vendor thereof, for the just use and benefit of all the parties within the jurisdiction. Can such a sovereign, equitable vendor eschew the demands of equity on account of some one or more alleged delinquences of its ministerial agents ?

When from necessity, resulting from disappointment or misfortune, I am compelled to subject the disposal or sale of my property to the trust and management of my State, in which it is supposed is concentrated the highest degree of equity and good conscience, I have a right to demand that such property shall be administered or disposed of according to the strictest rule of equity.

I have made these remarks in reference to the manner in which this sale was made by the court, (for it is the court which makes the sale) and the price bidden for the property in comparison to its admitted value.

I do not intend, on this occasion, to enter into a review of, or indeed, to examine the authorities cited in relation to inadequacy of price upon foreclosure sales. This court has heretofore expressed its opinion on that subject. While I am constrained to believe, upon a careful review of all the New York cases on that subject, that inadequacy of price did in fact

Pierce vs. Kneeland et al.

constitute the real ground of setting aside the sale, I am relieved from such criticism of the several cases, by the fact that in this case the inadequacy was so great, so gross, so enormous, coupled with the fact that the complainant only was present and bidding at the sale, and am justified in holding, and in conscience required to hold this sale to be unworthy of confirmation. Indeed I do not understand my brethren to hold that this sale should be confirmed; but only that the undertaking filed for the appeal was not sufficient to stay proceedings. In this I fully concur. But lest it may be supposed that this court approved the sale, and ordered its confirmation, I have felt it my duty to make the remarks I have. relative to the merits of the case on the matter of confirmation.

As to the matter of practice on the appeal, and the sufficiency of the undertaking to stay proceeding, I understand the court to be unanimous; but beyond that I do not understand that the court has adjudicated in this case. If so, as to all matters aside from the question of practice, I must and do respectfully dissent.