## EVERETT v. FORST.

(Court of Appeals of District of Columbia. Submitted December 6, 1920. Decided January 3, 1921.)

### No. 3444.

1. **Guardian and ward ⬤103—Inadequacy of price insufficient ground for refusing confirmation of sale.**

   Mere inadequacy of price is not in itself sufficient to justify the court in refusing to ratify guardian's sale of land, but it must appear that such inadequacy is due to surprise, fraud, mistake, or some unfairness practiced at the sale.

2. **Guardian and ward ⬤105(1)—Increased offer held insufficient to authorize reopening sale.**

   After the court had entered an order nisi for the sale of property by guardian for $37,500, a new offer of $39,000 is insufficient in itself to authorize the court in its discretion to reopen the sale.

3. **Guardian and ward ⬤105(1)—Reservation by court cannot enlarge discretion to reopen sale.**

   A reservation by the court, at the time an order nisi approving a guardian's sale was made, that he would not reopen the sale unless a specified

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

increase of price was offered, does not enlarge the discretion fixed in him to reopen the sale.

**4. Guardian and ward ⊝105(1)—Bidder at first sale must submit best bid.**
A bidder, who was represented at a guardian's sale by an agent, must authorize her agent to submit her best bid at that sale, and cannot, after ascertaining the limit of rival bidders, have the sale reopened by making an offer of a larger price.

**5. Guardian and ward ⊝103—Resale to new bidder at increased price confirmed.**
Where the result of reopening the bid after an order nisi for the sale of property by a guardian had been made was an offer 20 per cent. greater than the best bid at the first sale from one who had no opportunity to bid at the first sale, the sale to the new bidder must be confirmed, in consideration of the rights of the infant, though the sale was reopened because of an increased offer by another, which was insufficient to justify that action.

Appeal from the Supreme Court of the District of Columbia.

Proceeding by Frances E. Forst, as guardian, for the sale of real estate. From an order dismissing the petition of Louis A. Everett, that his bid be accepted and the property conveyed to him, and directing the conveyance to another, petitioner appeals. Affirmed.

Harry F. Kennedy, of Washington, D. C., for appellant.

Wade H. Ellis and A. H. Ferguson, both of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This case arose through the sale of real estate by a guardian under an order of court.

It appears that appellee, as guardian for an infant, was directed by the court to sell certain lots in the city of Washington belonging to the estate. After a number of offers for the property had been submitted, the guardian reported that appellant had made an offer of $37,500, whereupon the court entered an order nisi, to "become final and absolute on the 26th day of January, 1920, unless cause to the contrary shall be shown on or before said date."

On January 27th, one day after the date when the order nisi was decreed to become final, appellant petitioned the court for ratification of the order. On the same day the guardian reported that, on January 24th, she had received an offer of $39,000 from one Doyle, representing one Daisy Edelin, and called attention to the fact that when the order nisi was made—

"the court stated that he would ratify the sale at $37,500 nisi, with the understanding that he would not reopen the matter unless a material increased offer was made for the property, and thereafter the court stated to counsel that he would not consider any offer of less than $1,500 above the offer of said Everett as a substantial increase."

Upon this report, the court entered an order vacating and setting aside the order nisi, dismissing appellant's petition, and directing the guardian to receive further bids for the property. From this, appellant appealed to this court, where the appeal was dismissed, for the reason that the order appealed from was not a final order. When the mandate went down, the court renewed the order directing the guard-

⊝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ian to receive bids for the purchase of the property from the former bidders and from such others as might be interested in the purchase of the property. Accordingly the guardian reported a bid of $45,600 from one Louis Tashof. Appellant then petitioned the court that his bid of $37,500 be accepted, and the guardian authorized and directed to convey the property to him.

The court dismissed the petition of appellant and ordered the guardian to accept the offer of Tashof and to convey the property to him. From this order the case was appealed.

[1] The sole question is whether the court erred in refusing to confirm the order nisi. The early English rule in chancery sales upheld the reopening of the sale to bidders prior to confirmation upon a mere offer to advance the price 10 per centum, but this practice was condemned by Lord Eldon as tending to diminish confidence in judicial sales. White v. Wilson, 14 Ves. 151. Adopting Lord Eldon's view, the Supreme Court, speaking through Mr. Justice Bradley, in Graffam v. Burgess, 117 U. S. 180, 191, 6 Sup. Ct. 686, 692 (29 L. Ed. 839), announced the following rule:

"It was formerly the rule in England, in chancery sales, that until confirmation of the master's report the bidding would be opened upon a mere offer to advance the price ten per centum. 2 Daniell's Ch. Pr. (1st Ed.) 924; Ed. (2d Ed. by Perkins) 1465, 1467; Sugden on Vendors & Purchasers (14th Eng. Ed.) 114. But Lord Eldon expressed much dissatisfaction with this practice of opening biddings upon a mere offer of an advanced price, as tending to diminish confidence in such sales, to keep bidders from attending, and to diminish the amount realized. * * * In this country Lord Eldon's views were adopted at an early day by the courts, and the rule has become almost universal that a sale will not be set aside for inadequacy of price, unless the inadequacy be so great as to shock the conscience, or unless there be additional circumstances against its fairness, being very much the rule that always prevailed in England as to setting aside sales after the master's report had been confirmed. Livingston v. Byrne, 11 Johns. 555, 566 (1814); Williamson v. Dale, 3 Johns. Ch. 290, 292 (1818); Howell v. Baker, 4 Johns. Ch. 118 (1819); Tiernan v. Wilson, 6 Johns. Ch. 411 (1822); Duncan v. Dodd, 2 Paige, 99 (1830); Collier v. Whipple, 13 Wend. 224, 226 (1834); Tripp v. Cook, 26 Wend. 143; Lefevre v. Laraway, 22 Barb. 167, 173; Seaman v. Riggins, 1 Green's Ch. (2 N. J. Eq.) 214; Eberhardt v. Gilchrist, 3 Stockt. (11 N. J. Eq.) 167; Campbell v. Gardner, 3 Stockt. (11 N. J. Eq.) 423; Marlatt v. Warwick, 3 C. E. Green (18 N. J. Eq.) 108; Kloepping v. Stellmacker, 6 C. E. Green (21 N. J. Eq.) 328; Wetzler v. Schauman, 9 C. E. Green (24 N. J. Eq.) 60; Carson's Sale, 6 Watts, 140; Surget v. Byers Hempst. 715; Byers v. Surget, 19 How. 303; Andrews v. Scoton, 2 Bland, 629; Glenn v. Clapp, 11 G. & J. 1; House v. Walker, 4 Md. Ch. 62; Young v. Teague, 1 Bailey, Eq. 13, 14; White v. Floyd, Speer's Eq. 351; Hart v. Bleeght, 3 T. B. Mon. 273; Reed v. Carter, 1 Blackford, 410; Pierce v Kneeland, 7 Wis. 224; Montague v. Dawes, 14 Allen, 369; Drinan v. Nichols, 115 Mass. 353. From the cases here cited we may draw the general conclusion that, if the inadequacy of price is so gross as to shock the conscience, or, if, in addition to gross inadequacy, the purchaser has been guilty of any unfairness, or has taken any undue advantage, or if the owner of the property, or party interested in it, has been for any other reason, misled or surprised, then the sale will be regarded as fraudulent and void or the party injured will be permitted to redeem the property sold. Great inadequacy requires only slight circumstances of unfairness in the conduct of the party benefited by the sale to raise the presumption of fraud."

And in the case of Pewabic Mining Co. v. Mason, 145 U. S. 349, 356, 367, 12 Sup. Ct. 887, 888, 892 (36 L. Ed. 732), the court said:

"The question in this case is whether the master's sale shall stand. It may be stated generally that there is a measure of discretion in a court of equity, both as to the manner and conditions of such a sale, as well as to ordering or refusing a resale. The chancellor will always make such provisions for notice and other conditions as will in his judgment best protect the rights of all interested, and make the sale most profitable to all; and after a sale has once been made, he will, certainly before confirmation, see that no wrong has been accomplished in and by the manner in which it was conducted. Yet the purpose of the law is that the sale shall be final; and to insure reliance upon such sales, and induce biddings, it is essential that no sale be set aside for trifling reasons, or on account of matters which ought to have been attended to by the complaining party prior thereto. * * * The master's action was unquestionably proper, and if the party desired the intervention of the court, his duty was to apply at once and not wait until after confirmation; for then the rights of the purchaser are vested, and something more than mere inadequacy of price must appear before the sale can be disturbed. Indeed, even before confirmation the sale would not be set aside for mere inadequacy, unless so great as to shock the conscience."

Adopting the foregoing rule, this court has repeatedly held that mere inadequacy of price is not in itself sufficient to justify the court in refusing to ratify a sale. It must appear that such inadequacy is due to surprise, fraud, mistake, or some unfairness practiced at the sale. Hunt v. Whitehead, 19 App. D. C. 116; Auerbach v. Wolf, 22 App. D. C. 538. In the Wolf Case, as here, an order nisi was made, and, before ratification was had, the trustees reported a much larger offer, amounting to an increase of 67 per cent., and prayed that the approved bid be rejected and a resale ordered, which was accordingly done. The court, adhering to the established rule that a sale will not be set aside or ratification refused for a mere inadequacy of price, in the absence of fraud, mistake, surprise, or unfairness, said:

"In this case, there is no suggestion of fraud, mistake, or unfairness in making the sale. But the settled principle is that in chancery sales, the contract of sale, made between the court as the vendor of the property, through the agency of a trustee, and the purchaser, is never regarded as consummated until it has received the sanction and ratification of the court. Wagner v. Cohen, 6 Gill, 97, 46 Am. Dec. 660.

The court then held that the second report of the trustee presented a question calling for the exercise of judicial discretion, which, unless abused, will not be controlled or disturbed on appeal. But this liberal construction of the discretionary power of the lower court was qualified as follows:

"We must not be understood, however in so holding, that we intend to give any sanction to the old English practice of opening biddings in chancery sales, upon the mere offer of an advance upon the purchaser's bid. That practice has never obtained in this District, nor in the courts of Maryland. Cohen v. Wagner, 6 Gill, 251."

[2] Coming to the present case, had we before us only the offer of $39,000, we would have no hesitancy in holding, in the light of the decisions above quoted, that the court below abused its discretion in reopening the sale. The increased offer was only 4 per cent. above the one made by appellant, an advance less than one-half that required by the old English rule, which has been condemned "as tending to diminish confidence" in judicial sales.

[3, 4] Furthermore, it appears from the record that, on the day the sale to appellant was ratified nisi, the court had received bids in open court from appellant and Doyle, as agent; appellant making the higher bid. Doyle then asked for an opportunity to call his client on the telephone, to ascertain if she was willing to bid any higher. This the court refused, stating that the sale would not be reopened unless an advance of $1,500 was offered. Of course, this reservation could not enlarge the discretion vested in the court. Edelin having had an opportunity to bid, it was her duty at that time to instruct her agent to submit the highest offer she was willing to make. She should not be permitted to ascertain the limit of her opponent's bid, and then upset the sale to him by an advanced offer.

"At that time each party knew that a sale was to be had, and that, if it intended to buy, it must make all its arrangements therefor, and in such arrangement must be included a determination of the full amount it was willing to bid for the property. It cannot be tolerated that it be in the contemplation of either to wait until after the property has been struck off to the other, and then open the bidding and defer the sale by an increased offer." Pewabic Mining Co. v. Mason, supra.

[5] But in this case, however, the result of the reopening of the bidding was an offer of an advance of $8,100 from one who, so far as the record discloses, had not had an opportunity to bid before. Considering, as we must, not only the question of public policy involved, but the rights of the infant, we feel that the order ratifying the sale to Tashof should be sustained.

The decree is affirmed, with costs.

Affirmed.