**DE MARCO v. KERTZ et al.**

**No. 8987.**

United States Court of Appeals
District of Columbia.

Submitted May 21, 1945.

Decided July 9, 1945.

Mr. John F. Hillyard, of Washington, D. C., on the brief for appellant.

Mr. Harold A. Kertz, of Washington, D. C., on the brief for appellee, pro se.

Messrs. Frederick Stohlman and George A. Cassidy, Jr., both of Washington, D. C., on the brief for appellee Frank L. Campbell.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

GRONER, C. J.

Selina M. Bare, a resident of the City of Washington, died testate in 1944. Kertz, one of appellees, qualified as executor of her estate. Her will directed that her executor, as soon as convenient after her death, should, for the purposes of administration and distribution, sell all of her real property in the District of Columbia at either public or private sale. Pursuant to this authority the executor, on the 5th of December, 1944, entered into a contract with DeMarco (appellant) for the sale to him of a house and lot belonging to the estate, located in the District, for $7,150.00 cash, less broker's commissions, "subject to ratification and approval by the District Court of the United States for the District of Columbia."

Thereafter, on petition of the executor, the District Court ordered that the sale be ratified and confirmed, unless cause to the contrary was shown, on or before the 23rd day of February, 1945, and that a

copy of the order be published in the Washington Law Reporter and the Washington Post ten days prior to the hearing date. On the latter date Frank L. Campbell, one of appellees, filed in open court an offer to purchase the property at $7,400.00 net cash. As a result of this, the court refused to confirm the sale to DeMarco and directed the executor to accept the offer made by Campbell.

The sole question here is whether the court erred in rejecting the sale made by the executor and in ordering the executor to sell the property to Campbell at the higher price.

■ Ordinarily, where an owner of real estate in his will authorizes his executor to sell the same in his discretion, no recourse to the court charged with administration of the estate is necessary, but in the District of Columbia a statute[1] provides that a private sale of real estate of a decedent shall not be valid unless ratified by the court, after notice by publication according to the practice in equity. In the present case the parties bargained in relation to this statute and agreed to be bound by the decision of the court on submission to it of the contract of sale. In such circumstances, the bidder makes his offer to the executor subject to the approval of the court, and in this respect the court in selling the property of a decedent is acting as trustee for the owner, or other parties in interest, in which case it is its duty to exercise a wise judicial discretion to secure for the estate the highest price consistent with a just regard for the rights of the bidder.

■ The well settled general rule applicable to public judicial sales of property is that the court will not ordinarily set aside a sale made in the manner prescribed by law because of mere inadequacy of price,[2] but that rule grew out of the necessity of encouraging free bidding at public sales where every bidder had an equal opportunity.[3] The present case involves a *private* sale, in which, although the statutory notice is given by publication in the newspapers, the public has no opportunity to participate. The sale is initiated by the executor appointed under the will and not by a master, or receiver, or special commissioner appointed by the court and controlled by its order of sale.[4] Hence it is that the statute very properly charts the course that must be followed. And this, as we have seen, requires that before the sale may be consummated, the court must exercise its judgment in approving or rejecting the proposed sale, even though the sale is ordered by the will. Consistently with the terms of the statute, therefore, a private offer, which is made subject to ratification, may be rejected when a higher bid is made at any time prior to ratification.[5] And if this is done the appellate

---

[1] D.C.Code 1940, § 18—604: "In all cases in which a testator has directed his real estate to be sold for the payment of his debts or legacies, the executor may sell and convey the same, and shall account for the proceeds thereof to the probate court in the same manner that he is bound to account for the proceeds of personal estate; but such sale shall not be valid unless ratified by said court after notice given by publication according to the practice in equity. * * * "

[2] Pewabic Mining Co. v. Mason, 145 U. S. 349, 12 S.Ct. 887, 36 L.Ed. 732; Everett v. Forst, 50 App.D.C. 215, 269 F. 867; Heller v. Lamar, 64 App.D.C. 266, 77 F.2d 389.

[3] Pewabic Mining Co. v. Mason, supra; Ballard Co. v. Peyser, 67 App.D.C. 169, 90 F.2d 414; Everett v. Forst, supra.

[4] The Judicial Sales Act, 28 U.S.C.A. §§ 847–849, which governs sales made *under court order*, has been incorporated in the local civil rules of the District Court. (Rules of the District Court of the United States for the District of Columbia (1941), Rule 31.) But Rule 31 and the Judicial Sales Act are applicable only to sales which are required or authorized by court order, and not those under a power created by the will or act of the owner. Thus, for sales made *by an executor under the express terms of a will*, the statute requires ratification by the Probate Court "according to the practice in equity," and not in accordance with the provisions of the Judicial Sales Act. Cf. Stokes v. Hinden, 66 App.D.C. 34, 85 F.2d 200, construing § 205, T. 25 of the 1929 D.C.Code (foreclosure sales).

[5] In Pewabic Mining Co. v. Mason, 145 U.S. 349 at page 356, 12 S.Ct. 887, 888, 36 L.Ed. 732, it is said, with reference to the practice in equity of conducting public judicial sales where the encouragement of bidding is of prime importance: "It may be stated generally that there is a measure of discretion in a court of equity, both as to the manner and conditions of such a sale, as well as to ordering or refusing a resale. The chancellor will always make such provisions for notice and other conditions as will, in his judgment, best protect the rights of all interested, and make the

court should not interfere. Accordingly, the refusal of the lower court to confirm the sale in the present instance was proper and will be affirmed. But we think it equally true that in such a case, the court should not accept the higher bid without affording the original bidder an opportunity to submit a further bid, if desired, and like opportunity to other bidders, if there are others, who are ready to purchase the property.[6]

So much of the judgment of the court below, therefore, as rejected appellant's bid is affirmed and so much of the order as accepted the bid of Campbell is vacated and the case remanded for further action by the District Court, and such action, we suggest, should take the form outlined by Judge Proctor of the District Court in a similar state of facts in the case of the Estate of Moulton,[7] in which the first offer was rejected and an order entered postponing final action as between the rival offers, but with permission to anyone concerned to submit on a day certain a written offer to the executor in the form of a proposed contract supported by an adequate deposit to assure the good faith of the offer. On this basis the court will be free to accept and confirm the highest bid.

Affirmed in part; reversed in part and remanded. Costs divided.

---

sale most profitable to all; and after a sale has once been made, he will, certainly before confirmation, see that no wrong has been accomplished in and by the manner in which it was conducted. Yet the purpose of the law is that the sale shall be final; and to insure reliance upon such sales, and induce biddings, it is essential that no sale be set aside for trifling reasons, or on account of matters which ought to have been attended to by the complaining party prior thereto."

[6] Cf. Baltimore Trust Co. v. Interocean Oil Co., D.C.Md., 1939, 29 F.Supp. 269, 273.

[7] District Court, Administration No. 45,-526 (April 11, 1935).