258 F.2d 81
 Jay L. JONES, Paul J. Livingston, Jack Gott, Leo Brantley
Jackson, Johnny E. Cole, James Richard Harp, William Thomas
Peterson, Oliver B. Stephens, John E. McAfee, Elmer Lee
Oakley, John David Hood, F. Lee Johnson and Paul Donley
Rucker, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 5889.
 United States Court of Appeals Tenth Circuit.
 Aug. 4, 1958.
 
 Sam W. Moore, Oklahoma City, Okl., for appellants.
 B. Hayden Crawford, U.S. Atty., Tulsa, Okl. (Russell H. Smith, Asst. U.S. Atty., Tulsa, Okl., on the brief), for appellee.
 Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.
 PHILLIPS, Circuit Judge.
 
 
 1
 The above-named appellants, hereinafter referred to as the defendants, were charged by an indictment returned in the United States District Court for the Northern District of Oklahoma with a conspiracy to violate 18 U.S.C.A. 1262. They were tried and found guilty and each was sentenced to imprisonment for a term of one year. Fines were imposed, also, against certain of the defendants. On appeal the judgments were affirmed. Jones v. United States, 10 Cir., 251 F.2d 288, certiorari denied 356 U.S. 919, 78 S.Ct. 703, 2 L.Ed.2d 715.
 
 
 2
 Thereafter, the defendants filed a motion under 28 U.S.C.A. 2255 to vacate the sentences. The sentencing court denied the motion and the defendants have appealed.
 
 
 3
 The indictment charged that the defendants and certain other persons named in the indictment entered into a conspiracy to import into the State of Oklahoma intoxicating liquors, containing more than four per cent alcohol by volume, not accompanied by permits or licenses required by the laws of Oklahoma and not in continuous interstate transportation through the State.
 
 
 4
 Section 1262, supra, makes it unlawful to import, bring or transport any intoxicating liquor into any state, territory, district or possession in which all sales, except for scientific, sacramental, medicinal or mechanical purposes, of intoxicating liquor are prohibited.
 
 
 5
 Sections 101 to 107, inclusive, of Title 37, 1951 Okl.Stat. (Laws 1949, p. 275, 1-7) provide for the disposition of forfeited intoxicating liquors.
 
 
 6
 Section 101 declares that 'It is the intent of the Legislature that * * * intoxicating liquors seized within * * * Oklahoma that are capable of being sold in lawful commercial channels outside of this State, be not destroyed, and * * * that same shall be sold in the aforesaid channels in the form and manner as in this Act provided.'
 
 
 7
 Section 102 provides that '* * * all courts making and entering orders forfeiting intoxicating liquors * * * shall make the following * * * findings * * *:
 
 
 8
 '(c) The total amount of liquor ordered forfeited that is capable of being lawfully sold in the usual channels of commerce beyond the geographical limits of this State and the measure of the containers in which contained.'
 
 
 9
 It further provides that the court shall order all liquors capable of being sold as specified in subsection (c) held by the officer having custody thereof for sale as provided in the Act.
 
 
 10
 Section 103 provides that in all cases where intoxicating liquors are ordered forfeited to the State, the officer having custody of such liquor shall make an inventory thereof and shall forthwith deliver the liquor to the Sheriff of the county in which it was seized and shall file a copy of the inventory with the court ordering the liquor forfeited.
 
 Section 104 provides:
 
 11
 'Where the Sheriff of the county has or comes into possession of intoxicating liquors ordered forfeited, he shall forthwith destroy that portion of same that the court has adjudicated is not capable of sale; and shall within a reasonable length of time proceed to sell that portion found and ordered to be capable of sale by effecting a sale thereof at the best price obtainable in lawful commercial channels beyond the geographical limits of this State. * * *'
 
 It further provides:
 
 12
 '(a) The Sheriff may expend a reasonable amount in order to find a purchaser beyond the State.
 
 
 13
 '(b) In order to deliver the liquors sold to the purchaser, the Sheriff may transport same over the highways of this State.
 
 
 14
 '(c) He may ship the liquor by a common carrier of property to the purchaser, * * *
 
 
 15
 '(e) The cost and expense of effecting a sale and a delivery of liquor sold shall become a part of the costs in the case in which the order of forfeiture was made.'
 
 
 16
 Section 105 provides that when 'liquor is tendered by the Sheriff to a common carrier within the borders of' Oklahoma 'for delivery beyond the borders of the State' and the tender is accompanied by a certified copy of the order of forfeiture, the carrier shall accept such shipment and transport same and shall not be amenable to criminal prosecution for so doing.
 
 Section 106 provides:
 
 17
 'Upon the Sheriff effecting the sale of intoxicating liquors in the form and manner as by this Act provided, he shall forthwith deliver the proceeds of the sale to the clerk of the court ordering the forfeiture. The remittance shall be accompanied by a return of sale showing: (1) The person to whom the liquor was sold and the purchaser's address; (2) an itemized statement showing the quantity of liquor sold and the price received therefor; and (3) an itemized statement covering the cost of the sale.'
 
 Section 107 provides:
 
 18
 'After the Sheriff has made a return of sale in form and manner as herein provided, the court ordering the forfeiture shall within a reasonable time conduct a hearing for the purpose of determining whether or not the sale should be confirmed. * * *'
 
 
 19
 and further provides 'in the event the sale is confirmed' the court shall order the proceeds to be distributed as provided in the statute.
 
 
 20
 Counsel for the defendants contend that because of the provisions of 101 to 107, supra, providing for the sale of forfeited intoxicating liquors, Oklahoma is not a state in which all sales, except for scientific, sacramental, medicinal or mechanical purposes, of intoxicating liquor are prohibited, and therefore the indictment did not charge an offense under the laws of the United States and the trial court did not have jurisdiction of the offense charged in the indictment and did not have jurisdiction to impose the several sentences upon the defendants.
 
 
 21
 Section 101, supra, declares the intent and purpose of the legislature to provide for the sale of intoxicating liquors forfeited to the state in channels outside of the territorial limits of Oklahoma, if such liquors are capable of sale outside of such limits.
 
 
 22
 The other provisions of the statute are entirely consistent with that expressed intention. Section 104 expressly provides that the Sheriff shall effect a sale of forfeited intoxicating liquors 'in lawful commercial channels beyond the geographical limits of this State.' It further provides for the delivery of such liquor beyond the limits of the state, either through transportation by the Sheriff, or by common carrier. Section 105 makes it clear that the shipment by common carrier is to be for delivery beyond the borders of Oklahoma. Section 106 provides for a return of such sale to be made by the Sheriff and a remittance to be made by him of the proceeds of such sale. That is to be done under the express language of the statute after the Sheriff has effected the sale beyond the geographical limits of the state. Under 107, after the return, the court determines whether the sale shall be confirmed and in the event of confirmation issues an order for distribution of the proceeds.
 
 
 23
 It is, of course, a general rule that confirmation is essential to the validity of a judicial sale and that such a sale is not final and complete until it has been confirmed.[1]
 
 
 24
 Here, however, the Sheriff in making and effecting a sale acts under the mandate of the statute, as an officer and agent of the State and not of the court.
 
 
 25
 It may be that title does not pass to the purchaser under a sale made by the Sheriff under the statute until after the order of confirmation. However, the statute clearly provides that the sale shall be effected by the Sheriff beyond the territorial limits of Oklahoma; that the forfeited liquor shall be delivered to the purchaser beyond the territorial limits of Oklahoma; and 104(e) clearly implies that the Sheriff shall pay the costs of transportation.
 
 
 26
 The language of the statute indicates that delivery shall be made before the Sheriff reports the sale for confirmation. If delivery has been made before the order of confirmation, since it is the plain intent of the legislature that the sale shall be consummated and the title shall pass to the purchaser outside of the territorial limits of Oklahoma, we are of the opinion that title passes to the purchaser and the sale is made outside of the territorial limits of Oklahoma when the order of confirmation is entered.
 
 
 27
 But, if delivery is made to the purchaser after the order of confirmation has been entered, as counsel for defendants asserts is the practice of the Sheriffs, we are of the opinion that the place of sale is outside the geographical limits of Oklahoma.
 
 
 28
 Where the contract of sale provides for the delivery by the seller to the purchaser in the state of the purchaser, especially where the seller pays the freight, the sale takes place on such delivery in the latter state, even though delivery is by common carrier, the carrier in such case being regarded as the agent of the seller.[2]
 
 
 29
 Since the statute clearly and expressly provides that sales made under its provisions shall be made and effected by the Sheriff beyond the geographical limits of Oklahoma, it seems clear to us that the statute contemplates that delivery shall either be made by the Sheriff or by him through a common carrier to the buyer at a point outside the geographical limits of Oklahoma and if such delivery follows confirmation, that title passes at the time of such delivery.
 
 
 30
 We conclude that sales made under the statute, both in legal and practical effect are sales made beyond the territorial limits of Oklahoma; that the statute does not permit any such sale to be made within the State of Oklahoma; and that Oklahoma, under its pertinent statutory provisions, is brought clearly within the letter and the spirit of the Federal statute as a state which prohibits 'all sales, except for scientific, sacramental, medicinal, or mechanical purposes, of intoxicating liquor.'
 
 
 31
 In the recent case of Cofer v. United States, 8 Cir., 256 F.2d 221, the identical question here presented was squarely raised and decided adversely to the contentions of the defendants here.
 
 
 32
 The judgment is affirmed.
 
 
 
 [1]
 30A Am.Jur., Judicial Sales, 114, p. 967; Royal Insurance Co. v. Drury, 150 Md. 211, 132 A. 635, 639-640, 45 A.L.R. 582; Pewabic Mining Company v. Mason, 145 U.S. 349, 362, 12 S.Ct. 887, 36 L.Ed. 732
 
 
 [2]
 Julius Winkelmeyer Brewing Ass'n v. Nipp, 6 Kan.App. 730, 50 P. 956, 958; 77 C.J.S. Sales 6, p. 592