**In re Edith A. PARSONS, a conservatorship, Julian I. Richards, Appellant.**

**No. 7831.**

District of Columbia Court of Appeals.

Submitted June 13, 1974.

Decided Nov. 13, 1974.

Rehearing Denied Dec. 16, 1974.

Julian I. Richards, pro se, was on the brief for appellant.

John L. Hamilton, Washington, D. C., entered an appearance as ancillary administrator of the estate of Edith A. Parsons.

David B. Nicholson, Washington, D. C., entered an appearance on behalf of Elizabeth A. Richards and Barbara J. Richards, ancillary executrices of the estate of Edith A. Parsons.

Before NEBEKER, YEAGLEY and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

This appeal brought by Julian I. Richards is the third in a spate of appeals challenging various steps leading to the sale of real property during the administration of a conservatorship of his aunt's estate.

After review of the record, we dismiss the appeal on res judicata grounds.

In August, 1971, Richards petitioned the United States District Court to be appointed conservator of the estate of his aunt, Edith A. Parsons.[1] In September, 1971, the court appointed another individual to be conservator.

The estate included a one-half interest in an apartment house valued in excess of $190,000. The proposed sale of that property precipitated the instant case as well as two previous appeals. During the summer of 1972, the conservator was informed by the trustee of an estate holding the other one-half interest in the apartment house that he intended to sell the trust interest and that if necessary he would seek partition. The conservator entered into negotiations for the sale of the property rather than have a judicial partition of it. The conservator sought consent for the sale from Richards and his two sisters. Only Richards objected. The trial court held a hearing on October 20, 1972, to air Richards' objections which included, along with certain irrelevancies, concern over the loss of rental income. The trial court, perceiving the issue to be what would be in the best interest of the ward and the ward's estate, found

> that it is in the best interest of the estate of the ward, and of the ward individually, that the conservator be permitted to proceed to the private sale of the real estate in question . . . .

The court then ordered the conservator to proceed with a private sale of the one-half interest.

▮ Richards noted an appeal from that order (No. 7128). The trial judge sought memoranda respecting the appealability of the order, no doubt questioning the trial court's continued jurisdiction if this court had acquired jurisdiction. Only the conservator responded, contending that the order was not final and therefore not appealable, with which the trial court agreed. We also think that the order was not appealable since it was not final, but simply an order authorizing negotiations for a private sale. Judicial control remained to determine regularity of the anticipated sale and confirmation of the sale when a buyer could be found. *Cf.* Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945).

On December 15, 1972, another hearing was held, this time relating to an order nisi. *See* Super.Ct.Civ.R. 308(c). Richards again made general objections to the sale decision. The judge, again concluding that a private sale was preferable, signed the order nisi.

On January 12, 1973, a hearing was held, and at its conclusion a sale to Howard University was confirmed by the court. Richards noted an appeal that day (No. 7225). Subsequently, this court consolidater that appeal with appeal No. 7128, noted from the order of the October 20, 1972, hearing. After consolidation, Richards made repeated requests for extensions of time for filing a brief. Finally, on October 4, 1973, this court, acting upon an unopposed motion by intervenor Howard University, dismissed those appeals for lack of prosecution.

Edith Parsons died on February 19, 1973, and Richards became the executor of the estate. We note that her death occurred prior to completion of the sale and that the conservator's Second and Final Account, as does the report of the Auditor-Master, lists the property in question as part of the estate subject to probate.

The present appeal, filed on August 14, 1973, was taken after Richards received a

---

1. Jurisdiction over this action was subsequently transferred to the Superior Court pursuant to the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91-358, 84 Stat. 473 (July 29, 1970).

copy of an order ratifying the Auditor-Master's report and directing the conservator to file a verified Statement of Distribution and Settlement of the Conservatorship. Richards does not here challenge the report or statement but rather hearkens back to the contention that the notice of appeal in No. 7128 divested the trial court of jurisdiction to effectuate the subsequent sale confirmation.

Our first concern is whether the dismissal of the appeal in No. 7225, thus making final the confirmation order, precludes further litigation on the issue appellant is presently raising. Authority for a conservator to sell real property is contained in Superior Court Civil Rule 308. Most notably the rule states that, unless otherwise provided, sale of real property is to be governed by 28 U.S.C. § 2001 (Sale of Realty Generally). Both § 2001 and Superior Court Civil Rule 308 reveal that the final judicial step leading to a private sale is court approval through confirmation. Subsequent to that confirmation the parties are committed to complete the transaction. *See* Morrison v. Burnette, 154 F. 617 (Ind.T.1907); *cf.* Crowley v. Crowley, 56 App.D.C. 340, 13 F.2d 311 (1926); Jones v. United States, 258 F.2d 81 (10th Cir. 1958). Conversely, such liability is not created until confirmation takes place. *See* In re Beier, 48 N.J.Super. 450, 137 A. 2d 617 (1958).

We conclude that the court's confirmation of the order was final. *See* In re Hardison's Guardianship, 28 Wash.2d 921, 184 P.2d 840 (1947); *cf.* Everett v. Forst, 50 App.D.C. 215, 269 F. 867 (1921). Our prior order of dismissal made final the order of confirmation, and Richards is barred by the doctrine of res judicata from further litigating his objection to that sale. *See* Taylor v. England, D.C.App., 213 A.2d 821 (1965); Warner v. Grayson, 24 App. D.C. 55 (1904); United States v. Heasley, 283 F.2d 422 (8th Cir. 1960). Accordingly, this appeal is dismissed.

So ordered.